UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KIMBERLY KALLENBERG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KNOX COUNTY BOARD OF EDUCATION, )<br>*et al.*, )<br>)<br>Defendants. ) | No. 3:06-CV-371<br>(JORDAN/GUYTON) |

## MEMORANDUM AND ORDER

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Order [Doc. 120] of the Honorable R. Leon Jordan, Senior United States District Judge, for disposition of defendant Russ Oaks' Objection to Plaintiff's Pretrial Disclosures [Doc. 103] and the plaintiff's Motion for Continuance and to Extend Discovery Cutoff and to Tax Additional Discovery Costs to Defendants [Doc. 104], Motion to Strike Defendant Russ Oaks' Supplemental Witness List [Doc. 108], and Motion for Extension of Time to File Plaintiffs' Exhibit List. [Doc.109] On July 28, 2009, the parties appeared before the Court for a hearing on the instant motions.[1] Attorneys Greg Isaacs and Ronald Rayson appeared on behalf of the plaintiff, attorneys Robert Watson and Nathan Rowell appeared on behalf of defendant Russ Oaks, and attorneys Martha McCampbell and Joseph Jarret appeared on behalf of defendants Knox County Board of Education, Charles Lindsey, and Knox County (collectively, the "County Defendants"). After the

---

[1]During that hearing, the Court also heard argument as to the plaintiff's Motion in Limine to Disqualify Knox County Law Director's Office as Counsel for Defendant Knox County Board of Education. [Doc. 106] The Court has taken that motion under advisement and will issue a ruling in due course.

hearing, the Court took the motions under advisement and they are now ripe for adjudication. The Court addresses each of the motions in turn.

I.      **Defendant Russ Oaks' Objection to Plaintiff's Pretrial Disclosures [Doc. 103]**

During the hearing, plaintiff's counsel advised the Court that the plaintiff was withdrawing the disputed deposition transcript designations and would present the necessary testimony through the witnesses at trial, and thus the issue is moot. Defense counsel agreed that the matter is now moot. Accordingly, defendant Russ Oaks' Objection **[Doc. 103]** is **OVERRULED as moot**.

II.     **Plaintiff's Motion for Continuance and to Extend Discovery Cutoff and to Tax Additional Discovery Costs to Defendants [Doc. 104]**

The plaintiff moves the Court to extend the discovery deadline in this matter and to tax additional discovery costs to the defendants.[2] As grounds, the plaintiff argues that additional discovery is necessitated by the defendants' late disclosure of certain information, information which the plaintiff contends should have been disclosed prior to specific depositions. The plaintiff argues that because of this late disclosure, the plaintiff will now have to reopen the depositions of certain witnesses, and further argues that the cost of such reopened depositions should be charged to the defendants. During the hearing, defense counsel advised the Court that the defendants do not oppose reopening the discovery deadline as to certain witnesses, but do oppose the shifting of discovery costs to the defendants.

The Federal Rules of Civil Procedure provide, in pertinent part, as follows:

> Except as exempted by Rule 26(a)(1)(B) or as otherwise stipulated or ordered by the court, a party **must**, **without awaiting a discovery**

---

[2]The motion also seeks a continuance of the trial in this matter, but in referring the motion, the District Court addressed the continuance of the trial date, leaving the undersigned to address the extension of the discovery deadline and any shifting of costs. [Doc. 120]

2

**request**, provide to the other parties:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;
>
> (ii) a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A) (emphasis added). The Rules further provide that:

> A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – **must** supplement or correct its disclosure or response: (i) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Failure to supplement or respond to discovery requests can result in the imposition of sanctions, including the shifting of expenses caused by such failure. Fed. R. Civ. P. 37(c)(1).

In this instance, the plaintiff propounded discovery requests to defendants Knox County and Knox County Board of Education on or around May 16, 2007.[3] [Doc. 104, Exhibit 2] The plaintiff's discovery requests included, in pertinent part, the following requests:

> Interrogatory No. 4. Provide the names of all individuals involved in the investigation of the allegations involving Mrs. Kimberly Kallenberg. For each individual provide the following: (a) The name of the individual; (b) Job title of the individual; (c) Describe with

---

[3]The plaintiff also submitted requests to the defendants pursuant to various open record statutes. The Court addresses such requests below.

> specificity how the individual was involved in the investigation; (d) provide any conclusions and/or opinions they provided.
>
> Request No. A. Provide a copy of all notes, memoranda, electronic communiqué, correspondence, transcripts and witness statements regarding the investigation of Mrs. Kimberly Kallenberg.

[Doc. 104, Exhibit 2]

The issue before the Court involves discovery related to attorney Charles Swanson and the services he provided to the Knox County Board of Education, including Swanson's investigation of the charges against the plaintiff and the events leading up to the instant litigation. Based on the arguments of counsel, the parties' filings, and the evidence of record, the Court makes the following findings.

The plaintiff attempted, through discovery, to obtain information relating to Mr. Swanson's investigation, but was informed that the information was privileged and thus not subject to discovery.[4] On or around May 29, 2009, unbeknownst to the plaintiff, the County Defendants decided to waive the attorney-client and/or work product privileges as to Mr. Swanson. Once those privileges were waived, the duty to supplement under Rule 26 went into effect, and the County Defendants were required to supplement their initial disclosures and their responses to discovery requests to reflect all relevant information as to Mr. Swanson and his involvement in the events which are the subject of the instant litigation.

---

[4]The Court notes that a specific example of the plaintiff's attempts to obtain this information is found in the plaintiff's May 14, 2007, open records request to Mr. Swanson. [Doc. 104, Exhibit 3] As the Court discusses below, it is not the place of this Court to enforce such a request. However, the requests found within the May 14 open records request also fall within the scope of the May 16, 2007, discovery request described above, and it is the County Defendants' failure to supplement their responses to that request, as well as their failure to supplement their initial disclosures, which form the basis of the Court's decision.

4

On June 3, 2009, the parties convened to take the deposition of Mr. Swanson. During that deposition, the defendants advised plaintiff's counsel of their decision to waive all privilege as to Mr. Swanson. After the defendants completed their direct examination of Mr. Swanson, the deposition was recessed to allow the plaintiff time to review Mr. Swanson's file, which was not fully produced to the plaintiff until June 8, 2009. Documents contained within Swanson's file related to the deposition of Alicia Schwinge Smith, which was taken on June 2, 2009, the day before the deposition of Mr. Swanson, and thus before the plaintiff knew that the defendants were waiving all privilege as to Swanson, but after the defendants had decided to waive such privilege. The defendants chose to proceed with the deposition of Mrs. Smith without advising the plaintiff of the County Defendants' decision to waive all privilege as to Mr. Swanson, without supplementing their past discovery responses and initial disclosures, and without even warning the plaintiff that such supplemention, which was required under the Rules, would be forthcoming. Additionally, during the hearing, defense counsel conceded that certain documents relating to the deposition of Charles Lindsey should have been produced prior to Mr. Lindsey's deposition.

With these facts in mind, the Court finds that the County Defendants failed to take any reasonable effort to warn the plaintiff of the County Defendants' decision to waive all privilege as to Mr. Swanson, and that the County Defendants allowed the plaintiff to proceed with the depositions of Mrs. Smith and Mr. Swanson without supplementing discovery responses or initial disclosures, or even warn the plaintiff that additional discovery relating to the depositions would be forthcoming. Additionally, the Court finds that the County Defendants failed to produce documents relevant to the deposition of Mr. Lindsey prior to Lindsey's deposition. The Court finds that these failures were in violation of the County Defendants' responsibilities under the Rules, and that

because of such failures, the plaintiff, through no fault of her own, will now necessarily need to re-depose Mrs. Smith and Mr. Lindsey, and will need to reconvene the deposition of Mr. Swanson. Accordingly, the Court finds that the reasonable third party costs associated with these three depositions, including court reporter fees, the cost of transcripts, and any travel fees, should be bourne by the County Defendants. The Court further finds that the discovery deadline will necessarily need to be extended so as to allow the plaintiffs to respond to the late produced discovery associated with Mr. Swanson.

Finally, the Court also notes that the plaintiff has propounded requests to the defendants under various open records statutes, including the Freedom of Information Act, codified at 5 U.S.C. § 551 *et seq.*, and the Tennessee Open Records Act, codified at Tenn. Code Ann. § 10-7-503 *et seq*. The Freedom of Information Act, however, is applicable only to federal agencies, not state and local governments. 5 U.S.C. § 551(1); Hale v. Schaefer, No. 99-1100, 1999 U.S. App. LEXIS 34065, at *4 (6th Cir. Dec. 17, 1999). As for the Tennessee Open Records Act, the Act provides sole jurisdiction to resolve disputes over such requests to state courts. Tenn Code Ann. § 10-7-505. The Court finds no reason to interfere in that process, nor is there any evidence that the Court has the jurisdiction to do so. See Stratienko v. Chattanooga Hamilton County Hospital Authority, No. 1:07cv258, 2008 U.S. Dist. LEXIS 37917, at *4-12 (E.D. Tenn. May 7, 2008) (holding that it is the responsibility of the state courts to enforce the Tennessee Open Records Act). Thus, to the extent that the plaintiff also relies upon requests propounded under the Tennessee Open Records Act, the undersigned must leave the determination of whether the defendants have violated such requests to the appropriate state court. Instead, the Court focuses its attention on the requests propounded pursuant to the Federal Rules of Civil Procedure, as discussed above.

Therefore, for the reasons set forth more fully above, the Court finds the plaintiff's Motion for Continuance and to Extend Discovery Cutoff and to Tax Additional Discovery Costs to Defendants **[Doc. 104]** to be well-taken, and the same is hereby **GRANTED**. The discovery deadline in this case is extended to **January 15, 2010**. Additionally, all defendants shall have until and including **August 31, 2009**, to fully supplement all discovery responses and initial disclosures. Failure to provide full and complete supplementation shall result in the imposition of appropriate sanctions and penalties, up to and including the imposition of attorneys' fees, the exclusion of witnesses and/or exhibits, as well as any other reasonable sanction provided for by Rule 37. The plaintiff shall be allowed to re-depose Mr. Lindsey and Mrs. Smith, and to reconvene the deposition of Mr. Swanson, and the reasonable third party costs associated with such additional depositions shall be taxed to the County Defendants. This ruling does not affect the plaintiff's right to depose persons not heretofore deposed in this matter.

### III.    Plaintiff's Motion to Strike Defendant Russ Oaks' Supplemental Witness List [Doc. 108]

During the hearing, the parties advised the Court that in light of the new trial date in this matter, now scheduled to commence on April 26, 2010, this motion was now moot. Accordingly, the plaintiff's Motion to Strike Defendant Russ Oaks' Supplemental Witness List **[Doc. 108]** is hereby **DENIED as moot**. The witness list deadline established in the District Court's Scheduling Order [Doc. 9 at ¶ 6(h),(i)] in this matter is reset as calculated from the new trial date.

### IV.    Plaintiff's Motion for Extension of Time to File Plaintiffs' Exhibit List [Doc.109]

During the hearing, the parties advised the Court that in light of the new trial date, this motion was now moot. Accordingly, the Plaintiff's Motion for Extension of Time to File Plaintiff's Exhibit List **[Doc.109]** is hereby **DENIED as moot**. The exhibit list deadline established in the

District Court's Scheduling Order [Doc. 9 at ¶ 4(h)] is reset as calculated from the new trial date.

## V. Defendant Russ Oaks' Oral Motion to Reopen Dispositive Motion Deadline

During the hearing, counsel for Defendant Oaks made an oral motion to reset the dispositive motion deadline in this matter. As grounds, counsel argued that because additional discovery was anticipated in this matter, additional grounds for summary judgment might arise. After considering the defendant's oral motion, the motion is hereby **DENIED without prejudice**. If, after taking additional discovery in this matter, a party believes that it has developed a sufficient basis for bringing additional dispositive motions, that party may, at that time, seek leave of the District Court to reopen the dispositive motion deadline.

## VI. Conclusion

In summary, for the reasons and to the extent set forth more fully above, the Court rules as follows:

> 1. Defendant Russ Oaks' Objection to Plaintiff's Pretrial Disclosures **[Doc. 103]** is hereby **OVERRULED as moot**;
>
> 2. The plaintiff's Motion for Continuance and to Extend Discovery Cutoff and to Tax Additional Discovery Costs to Defendants **[Doc. 104]** is hereby **GRANTED**;
>
> 3. The plaintiff's Motion to Strike Defendant Russ Oaks' Supplemental Witness List **[Doc. 108]** and Motion for Extension of Time to File Plaintiffs' Exhibit List **[Doc.109]** are hereby **DENIED as moot**; and
>
> 4. Defendant Russ Oaks' oral motion to extend the dispositive motion deadline is **DENIED without prejudice**.
>
> 5. The discovery deadline in this case is extended to **January 15, 2010**. All defendants shall have until and including **August 31, 2009**, to fully supplement all discovery responses and initial disclosures. The plaintiff shall be allowed to re-depose Mr. Lindsey and Mrs. Smith, and to reconvene the deposition of Mr. Swanson, and

the reasonable third party costs associated with such additional depositions shall be taxed to the County Defendants. The witness list and exhibit list deadlines are reset as calculated from the new trial date.

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge